Paul H. Bratton ABN 0711081
Law Office of Paul H. Bratton
P.O. Box 463
Talkeetna, AK 99676
907.733.2185
(Fax) 772.679.8158
phbratton@gci.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

| | |
|---|---|
| JOHN EVANS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PORTFOLIO RECOVERY ASSOCIATES )<br>LLC; and ROUTH CRABTREE, APC., )<br>)<br>Defendants. )<br>) | **Civil Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices; Alaska Unfair Trade Practices** |

## I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Defendants' unfair acts also violate the Alaska Unfair Trade Practices Act, A.S. 45.50.471, *et seq*. Plaintiff demands a trial by jury on all issues, in accordance with the U.S. Constitution and Federal Rule of Civil Procedure 38.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1337, 50 U.S.C. App. 512, and under the doctrine of supplemental jurisdiction as set forth at 28 U.S.C. §1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendants transacts business in Alaska and the conduct complained of occurred in Alaska.

### III. PARTIES

3. Plaintiff JOHN EVANS is a natural person who has resided in Anchorage, Alaska, at all times material to the acts of the defendants complained of in this complaint.

4. Defendant PORTFOLIO RECOVERY ASSOCIATES LLC (Portfolio) is a limited liability company doing business of collecting debts in this state with its principal place of business located at Norfolk, Virginia. A principal business of Defendant Portfolio is the collection of debts using the mails and telephone.

5. Defendant ROUTH CRABTREE, APC (Routh Crabtree) is a professional corporation that regularly engages in the business of collecting debts in this state with its principal place of business located at 3000 A Street, Suite 200, Anchorage, AK 99503. A principal business of Defendant is the collection of debts using the mails and telephone.

6. Defendant ROUTH CRABTREE, APC was acting as the agent for Defendant Portfolio in regard to collection of an alleged debt of John Evans and Portfolio's legal representative in *Portfolio Recovery Associates LLC vs. John Evans*.

### IV. FACTUAL ALLEGATIONS

7. On or about July, 2008, John Evans received a form letter from Routh Crabtree dated

July 8, 2009.

8. Although no legal action had been filed against Evans, the letter was headed Re: <u>Washington Mutual Bank vs. John Evans</u>.

9. The letter stated that Evans' account with the named creditor was delinquent, and that "we intend to file suit against you thirty – (30) days after the date of this letter or as practicable thereafter" unless he made payment arrangements with Routh Crabtree.

10. Evans, who had been attempting to clear up all old debts which he had acquired during an illness, immediately replied with a letter to Routh Crabtree dated July 14, 2008, stating that he would deal with the creditor directly concerning the debt and asked that Routh Crabtree cease any contact with him. In his letter, he referenced the case to which Routh Crabtree had referred, <u>Washington Mutual Bank vs. John Evans.</u>

11. Evans also sent a letter dated July 14, 2008 to Washington Mutual/Providian regarding the alleged debt. As he had successfully cleared up a number of old debts and negative credit reporting in this manner, he suggested to Washington Mutual that they work out a payment plan in order to resolve the debt and to clear his credit report concerning the debt.

12. Evans received no reply to either letter.

13. Unknown to Evans, the alleged debt which Defendant Routh Crabtree was attempting to collect from Evans was no longer owned by Washington Mutual Bank, but had been sold to Portfolio nearly a year before, on or about July 24, 2007.

14. No case titled <u>Washington Mutual Bank vs. John Evans</u> existed or was ever filed by Routh Crabtree.

15. Because Evans was misled as to who held the debt, and what creditor was participating in the collection of the debt, he was not able to resolve the debt and to clear his

credit report of this debt.

16. On or about February 24, 2009, Routh Crabtree filed the case *Portfolio Recovery Associates LLC vs. John Evans,* 3AN-09-5295 CI, in state court in Anchorage.

17. This was the first notice that Evans had that it was defendant Portfolio who was collecting the debt and not Washington Mutual.

18. Evans relied upon defendants' representations to his detriment. This alleged debt remains unresolved and John Evans' credit report remains damaged by the debt.

19. Due to defendants' misrepresentations, Evans has suffered not only damage to his credit rating, resulting in difficulty obtaining credit for needed purchases, but he has suffered emotional distress, anger, frustration, worry, and loss of happiness.

20. In addition, Evans has incurred financial damages due to his inability to obtain credit, as well as the costs of defense in the suit *Portfolio v. Evans* which was filed when he was unable to contact the appropriate owner of the debt.

### V. FIRST CLAIM FOR RELIEF

**(As against all Defendants for Violation of FDCPA)**

21. Plaintiff repeats and realleges and incorporates by reference all of the foregoing paragraphs.

22. Defendants Routh Crabtree and Portfolio are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

23. Plaintiff John Evan is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

24. The purported debt that defendants attempted to collect from plaintiff was a "debt"

as defined by the FDCPA, 15 U.S.C. §1692a(5).

25. Defendants violated the FDCPA by the above-described actions. Defendants' violations include, but are not limited to, the following:

    a. By threatening to sue Evans using the name of a creditor who did not own the debt and had no standing to sue, defendants engaged in harassment and thereby violated 15 U.S.C. §1692d.

    b. By falsely representing the party who owned the debt and had legal status to sue, defendants have violated 15 U.S.C. §1692e.

    c. By falsely representing the character, amount, and legal status of the debt, defendants have violated 15 U.S.C. §1692e(2)(A).

    d. By using false and misleading representations to collect or attempt to collect a debt, defendants violated 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10) and 15 U.S.C. §1692f(1).

    e. By threatening to sue Evans using the name of a creditor who had no standing to sue for that debt, defendants violated 15 U.S.C. §1692e(5).

    f. Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt.

    g. By failing to identify the appropriate creditor, who owned the debt, in the initial communication or within five days of the initial communication with Evans, defendants violated 15 U.S.C. § 1692a(2).

    h. By furnishing Evans with a form letter that named the wrong party as the creditor who was participating in the collection of, or attempt to collect, the alleged debt, defendants violated 15 U.S.C. § 1692j(a).

26. As a result of the above violations of the FDCPA, defendants are liable to the plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI. SECOND CLAIM FOR RELIEF

**(As against all Defendants for Violation of Alaska UTP)**

27. Plaintiff repeats and realleges and incorporates by reference all of the foregoing paragraphs.

28. By using unfair and deceptive acts and practices in attempting to collect a debt, defendants violated A.S. 45.50.471(a).

29. By misleading plaintiff into believing that the debt was owed to a party to whom it was not owed, defendants violated A.S. 45.50.471(a) and AS 45.50.471(b)(14).

30. By misleading plaintiff into believing that a party other than the creditor holding the debt was participating in the collection of, or attempt to collect, the debt, defendants violated A.S. 45.50.471(a) and AS 45.50.471(b)(14).

31. By representing that it could sue for the creditor named in its initial communication, when it could not, defendant Routh Crabtree, as agent for Portfolio, committed deceptive acts and practices, in violation of AS 45.50.471(b)(14).

32. As a result of Defendants' violations of the Alaska Unfair Practices Act, Defendants are liable for declaratory judgment, treble the actual damages established at trial, full reasonable attorney fees, and costs of suit pursuant to A.S. 45.50.531.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

    A. Declaratory judgment that Defendants' conduct violated the FDCPA and Alaska's UTP;

    B. Actual damages pursuant to 15 U.S.C. § 1692k and A.S. 45.50.531(a);

    C. Statutory damages pursuant to 15 U.S.C. §1692k;

    D. Statutory damages of three times actual damages pursuant to A.S. 45.50.531(a);

    E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and A.S. 45.50.537;

    J. For punitive damages; and,

    K. For such other and further relief as the Court may deem just and proper.

Dated this 5th day of July 2009.

                                                          \_\_\_\_s/ Paul H. Bratton_____
Paul H. Bratton
Law Office of Paul H. Bratton
P. O. Box 463
Talkeetna, AK 99676
Phone: 907.733,2185
Fax: 772.679.8158
Email: phbratton@gci.net
ABN: 0711081

Attorney for Plaintiff John Evans